UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cr-20460-JLK

UNITED STATES OF AMERICA

v.

YAQUELIN DIAZ DELGADO,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION**

    **THIS CAUSE** is before the Court upon a Superseding Petition for Revocation of Supervised Release, filed against Defendant Yaquelin Diaz Delgado. (ECF No. 48). The Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, referred this matter to the undersigned Magistrate Judge for all necessary and proper action with respect to any and all violations of supervised release. (ECF No. 43). The Government filed a Superseding Petition on February 6, 2023 (ECF No. 48), and an evidentiary hearing was held on April 26, 2023. For the reasons set forth below, the undersigned **RECOMMENDS** that the Petition be **GRANTED, in part,** and the Court find probable cause to believe that the Defendant committed the violations alleged in the Superseding Petition, as more fully explained below.

    **I.**    **BACKGROUND**

    Defendant began a three-year term of supervised release on November 19, 2020. (ECF No. 48). The United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision on October 4, 2022, charging two violations pertaining to criminal conduct that the Petition alleged took place on February 24, 2022 (ECF No. 35). Judge Moore issued a summons for Defendant, and Defendant returned and executed the summons. (ECF Nos. 35, 37).

1

The undersigned held a series of status conferences on the revocation of supervised release. During that time, the United States Probation Office filed a Superseding Petition for Offender Under Supervision on February 6, 2023, charging three additional violations pertaining to criminal conduct that the Superseding Petition alleged took place on February 24, 2022 and five superseding violations pertaining to criminal conduct that the Superseding Petition alleged took place on January 14, 2023. (ECF No. 48). The charges consist of theft, use and possession of anti-shoplifting control device, resisting property recovery, resisting an officer with violence, obstructing an officer, and petit theft. (*Id.*). On March 13, 2023, Defendant appeared for an initial appearance regarding the revocation of supervised release. (ECF No. 51). The Court allowed Defendant to remain on the bond previously imposed. (*Id.*). The Court set the matter for an Evidentiary Hearing on April 26, 2023. (ECF No. 52).

At the Hearing, the Court heard testimony from two police officers that were personally involved in the arrest and the investigation leading to Defendant's arrest on January 14, 2023. The Government presented documentary evidence to support the allegations arising from the February 24, 2022 incident, as well as a video of store surveillance.[1]

## II.    THE PENDING PETITION FOR REVOCATION

The Superseding Petition was filed on February 6, 2023 (ECF No. 48) and charges Defendant with ten violations:

> 1.    Violation of Mandatory Condition, by failing to refrain from violation of the law. On or about February 24, 2022, in Broward County, Florida, the defendant committed the offense of Larceny, Coordinate Others in Theft Over $3,000.00, contrary to Florida Statute 812.014-6.
>
> 2.    Violation of Mandatory Condition, by failing to refrain from violation of the law. On or about February 24, 2022, in Broward County, Florida, the defendant committed the offense of Larceny, Use of Anti-Shoplifting Control Device,

---

[1] Both state cases charging Defendant with these violations of law remain open and pending, curtailing Defendant's ability to admit the violations in this proceeding.

contrary to Florida Statute 812.015-7(1).

3.     Violation of Mandatory Condition, by failing to refrain from violation of the law.  On or about February 24, 2022, in Broward County, Florida, the defendant committed the offense of Larceny, Possession of Anti-Shoplifting Control Device, contrary to Florida Statute 812.015-7(2).

4.     Violation of Mandatory Condition, by failing to refrain from violation of the law.  On or about February 24, 2022, in Broward County, Florida, the defendant committed the offense of Larceny, Resist Property Recovery, contrary to Florida Statute 812.015-6(2).

5.     Violation of Mandatory Condition, by failing to refrain from violation of the law.  On or about February 24, 2022, in Broward County, Florida, the defendant committed the offense of Larceny, Resist Property Recovery, contrary to Florida Statute 812.015-6(2).

6.     Violation of Mandatory Condition, by failing to refrain from violation of the law.  On or about January 14, 2023, in Broward County, Florida, the defendant committed the offense of Resist Officer with Violence, contrary to Florida Statute 843.01.

7.     Violation of Mandatory Condition, by failing to refrain from violation of the law.  On or about January 14, 2023, in Broward County, Florida, the defendant committed the offense of Larceny, Possession of Anti-Shoplifting Control Device, contrary to Florida Statute 812.015-7(2).

8.     Violation of Mandatory Condition, by failing to refrain from violation of the law.  On or about January 14, 2023, in Broward County, Florida, the defendant committed the offense of Larceny, Use of Anti-Shoplifting Control Device, contrary to Florida Statute 812.015-7(1).

9.     Violation of Mandatory Condition, by failing to refrain from violation of the law.  On or about January 14, 2023, in Broward County, Florida, the defendant committed the offense of Resist Officer, Obstruct without Violence, contrary to Florida Statute 843.02.

10.    Violation of Mandatory Condition, by failing to refrain from violation of the law.  On or about January 14, 2023, in Broward County, Florida, the defendant committed the offense of Larceny, Petit Theft, Second Degree, contrary to Florida Statute 812.014.

(*Id.* at 2–3).

### III.    THE EVIDENTIARY HEARING

At the evidentiary hearing, the Government presented Sunrise Police Department Officers

Kyle Krohn and Clyde Cherubin. Both officers described their interaction with Defendant on January 14, 2023, at a Burlington Coat Factory store at the Sawgrass Mills shopping mall in Sunrise, Florida. Officers had been dispatched to the scene in response to a report of someone cutting anti-theft devices from merchandise. When Defendant was first approached by officers, Defendant was at the cash register, placing items on the counter as though for payment. However, she departed without paying for the black duffle bag on her shoulder. She was followed by officers, one of whom saw her throw the bag down. It was later recovered; a photograph of its contents was introduced into evidence and reveals shoes, clothing, a pair of pliers, and a small metal bar. Officer Cherubin testified that, in his experience, the pliers and metal bar may be used to cut anti-theft devices and pry them off merchandise.

Officers pursued Defendant around the mall and into a movie theatre. Officer Cherubin described Defendant's efforts to resist his attempts to arrest her, including concealing herself inside one of the movie rooms. A scuffle ensued and both Defendant and the officer ended up on the ground. A number of officers were required to subdue Defendant and place her in handcuffs.

The evidence relating to the February 24, 2022 event consisted of a report from the victim, Saks Off Fifth, corroborated by video surveillance. The video shows Defendant and a companion handling merchandise and using a tool—part magnet, part hook—to remove anti-theft devices from the merchandise before placing the items in a wagon they had with them. In one video, Defendant's companion clearly hands the tool to Defendant who is seen first concealing the tool in her hand before reaching into a box of shoes and manipulating the contents. When the Defendant and the companion exited the store with the merchandise, having not paid for the items, security intercepted them. Defendant attempted to grab her purse from the wagon but was stopped. She departed the scene; according to the report, Defendant's companion cooperated with the victim

4

and was arrested at the time.

The Government advanced an itemized receipt from the victim revealing that the value of the items Defendant and her companion attempted to steal had a total value of $3,292.75.

**IV.     FINDINGS OF FACT AND CONCLUSIONS OF LAW**

In probation revocation hearings, a court must only find that a defendant violated a condition of supervised release by a preponderance of the evidence, rather than beyond a reasonable doubt. 18 U.S.C. § 3583(e)(3); *see also Johnson v. United States*, 529 U.S. 694, 700 (2000) (noting that, even though such violations can lead to imprisonment, the violation need not be criminal). The Federal Rules of Evidence do not apply in supervised release revocation proceedings. *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994). In weighing whether to admit hearsay testimony in a supervised release revocation proceeding, courts must "balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id.* (citing *United States v. Penn*, 721 F.2d 762, 764 (11th Cir. 1983)).

The contested violations arise from Defendant's failure to refrain from the violation of law; specifically, allegations that Defendant violated Florida Statutes 812.014-6; 812.015-7(1); 812.015-7(2); 812.015-6(2); 843.01; 843.02; and 812.014.

Violation Number 1 alleges a violation of Section 812.014-6, Florida Statutes, which provides that a person may be guilty of a felony of the second degree when a person who individually, or in concert with one or more other persons, "coordinates the activities of one or more persons in committing theft under this section where the stolen property has a value in excess of $3,000." The video introduced at the hearing establishes that Defendant coordinated her conduct with the companion in the video to steal items from Saks Off Fifth and the records establish a value of those goods in excess of $3,000.

Violation Numbers 2 & 3 allege violations of Section 812.015-7(1), Florida Statutes, which provides that a person may be guilty of a felony of the third degree if an individual "possesses any antishoplifting or inventory control device countermeasure within any premises used for the retail purchase or sale of any merchandise;" and Section 812.015-7(2), which provides that a person may be guilty of a felony of the third degree if an individual "uses or attempts to use any antishoplifting or inventory control device countermeasure within any premises used for the retail purchase or sale of any merchandise." The video reveals, as described above, Defendant's possession and use of the tool her companion provided to Defendant in the shoe department at Saks Off Fifth to remove the anti-theft device on that merchandise.

Violation Numbers 4 & 5 allege violations of Section 812.015-6(2), Florida Statutes, which provides that a person may be guilty of a misdemeanor of the first degree if an individual, "while committing or after committing theft of property, transit fare evasion, or trespass, resists the reasonable effort of a law enforcement officer, merchant, merchant's employee, farmer, or a transit agency's employee or agent to recover the property or cause the individual to pay the proper transit fare or vacate the transit facility which the law enforcement officer, merchant, merchant's employee, farmer, or a transit agency's employee or agent had probable cause to believe the individual had concealed or removed from its place of display or elsewhere or perpetrated a transit fare evasion or trespass" unless the individual "did not know, or did not have reason to know, that the person seeking to recover the property was a law enforcement officer, merchant, merchant's employee, farmer, or a transit agency's employee or agent." After departing Saks Off Fifth with the stolen merchandise, Defendant was confronted by store security, and rather than cooperate, she attempted to retrieve something from the wagon and quickly departed the scene.

Violation Number 6 alleges a violation of Section 843.01, Florida Statutes, which provides

that a person may be guilty of a felony of the third degree when a person "knowingly and willfully resists, obstructs, or opposes any officer[;] . . . member of the Florida Commission on Offender Review or any administrative aide or supervisor employed by the commission; parole and probation supervisor; county probation officer; personnel or representative of the Department of Law Enforcement; or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person."  The evidence did not support this allegation, as no act of violence was described by any of the witnesses.  Government counsel acknowledged as much at the Hearing and advanced no argument in support of a finding of probable cause for this violation.  I agree and find no evidence to support this alleged violation.

Similarly, the evidence did not support a finding of probable cause with respect to Violation Number 8, which alleges Defendant's use of anti-shoplifting control device in violation of Section 812.015-7(1), Florida Statutes.  Although Defendant was found in possession of the tools used for removing the anti-shoplifting device on January 14, 2022 at Burlington Coat Factory, and the evidence is sufficient thus to find probable cause that violation Number 7 occurred (alleging a violation of Section 812.015-7(2), Florida Statutes), the testimony from the officers revealed that another woman had been seen in the area of the store where discarded devices were found.  Government counsel acknowledged the evidence was less than sufficient on violation number 8 to show her *use* of the devices as alleged.

Violation Number 9 is amply supported by the evidence.  Section 843.02, Florida Statutes, provides that a person may be guilty of a misdemeanor of the first degree when a person "resist[s], obstruct[s], or oppose[s] any officer[;] . . . member of the Florida Commission on Offender Review or any administrative aide or supervisor employed by the commission; county probation officer;

parole and probation supervisor; personnel or representative of the Department of Law Enforcement; or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer." Both officers described Defendant's efforts to resist arrest, by fleeing and physically resisting officer's arrest. Also by attempting to discard the evidence of her theft, Defendant attempted to obstruct the officer's investigation.

Finally, the evidence is sufficient to find probable cause to believe violation Number 10 occurred. Section 812.014, Florida Statutes, provides that a person may be guilty of petit theft, a misdemeanor of the second degree, when a person commits "theft of any property not specified in [812.014(2)]." Defendant departed Burlington Coat Factory with merchandise she had not paid for and her flight from law enforcement supports an inference of awareness of her guilt, as opposed to inadvertence.

## V.    CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that the Court find probable cause to support the alleged violations (1, 2, 3, 4, 5, 7, 9, 10) occurred. The undersigned further recommends that the Court set a final revocation hearing to decide whether Defendant's term of supervised release should be revoked.

The parties will have **FOURTEEN (14) DAYS** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade*

*Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

      **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 27th day of April, 2023.

                                                       */s/ Lauren F. Louis*
                                           LAUREN F. LOUIS
                                           UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable K. Michael Moore
         Counsel of record